UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC CLOPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 1:20-CV-11363-RGS |
| v. | ) |
| | ) |
| HARVARD UNIVERSITY, PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), THE HARVARD CRIMSON, AND JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**MOTION OF THE HARVARD CRIMSON, INC.,
TO DISMISS COMPLAINT
FOR FAILURE TO STATE A CLAIM**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant The Harvard Crimson, Inc. ("The Crimson") respectfully moves to dismiss, with prejudice, all claims of Plaintiff's Complaint against it (Counts II, VII, IX, and X) for failure to state a claim upon which relief can be granted.

As grounds for this motion, The Crimson relies on the accompanying memorandum of law and Affidavit of Robert A. Bertsche, Esq. (with Exhibits 1-6), and further states as follows:

1.  Plaintiff alleges he was libeled by news accounts in *The Harvard Crimson* newspaper that reported on Harvard University's investigation into his preparation for, and performance of, a lengthy public presentation that decried circumcision as genital mutilation and referred to Jews as "an unmasked genital mutilation cult." In particular, he says the *Crimson* articles falsely described his presentation—which concluded with his performance of a fully nude, sexually suggestive dance—as a "nude, anti-Semitic rant."

2. The libel claim against the Crimson (Count VII) fails, however, because the statements about which plaintiff complains were accurate (he did in fact appear "nude"); were statements of opinion ("anti-Semitic") based on disclosed true facts, fully protected under the First Amendment and Massachusetts Decl. of Rights Art. XVI; or were both, cloaked in rhetorical hyperbole ("rant") that is incapable of being proved true or false.

3. The libel claim also fails because plaintiff, a limited-purpose public figure advocating on a matter of public concern, does not—and cannot—allege facts which, if true, make out a plausible case that the Crimson harbored doubts about the truth of what it was publishing or knew it to be false.

4. Plaintiffs' remaining claims are equally unavailing. He cannot state a claim against the Crimson for violation of the Massachusetts Civil Rights Act, Gen. Laws c. 12, §§ 11(I), (Count II), because the Crimson did not infringe on his constitutionally or statutorily protected rights, but rather was exercising its own rights of free speech and free press.

5. He cannot prevail on his claim that the Crimson tortiously interfered with his employment contract with Harvard University (Count IX), for a number of reasons including that he does not plausibly allege that the Crimson acted with either improper motive or improper means.

6. Finally, his "conspiracy to defame" claim (Count X) fails not only because no defamation occurred, but also because he alleges no facts—beyond bare "information and belief" conclusions—that would plausibly suggest that the Crimson acted pursuant to some common agreement with Harvard University.

WHEREFORE, The Crimson requests that Plaintiff's Complaint against it be dismissed in its entirety (Counts II, VII, IX, and X), with prejudice.

                            Respectfully submitted,

                            THE HARVARD CRIMSON, INC.

                            By its attorneys,

                            */s/ Robert A. Bertsche*_____
                            Robert A. Bertsche (BBO #554333)
                            *rbertsche@princelobel.com*
                            Michael J. Lambert (BBO #704134)
                            *mlambert@princelobel.com*
                            PRINCE LOBEL TYE LLP
                            One International Place, Suite 3700
                            Boston, MA  02110
Dated:  October 5, 2020          (617) 456-8018

**CERTIFICATE OF SERVICE**

    I hereby certify that this document has been filed on October 5, 2020, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by email to Andrew DeLaney, 6 South Street, Morristown, NJ 07690 (andrewdelaney21@gmail.com).

                                                  */s/ Robert A. Bertsche*__
                                                  Robert A. Bertsche