UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC CLOPPER,<br><br>Plaintiff<br><br>v.<br><br>HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION); THE HARVARD CRIMSON; AND JOHN DOES 1-10,<br><br>Defendants | Case No.: 1:20-cv-11363-RGS |

**[REVISED] MOTION TO FILE OPPOSITION TO HARVARD UNIVERSITY'S MOTION TO DISMISS AND FOR RELIEF FROM ORDER OF DISMISSAL**

The Plaintiff, Eric Clopper, respectfully moves the Court pursuant to Fed. R. Civ. P. 60(b) and 6(b)(1)(B) for relief from the Court's Order entered October 14, 2020 dismissing the Plaintiff's claims against Harvard University with prejudice and to file his opposition to Harvard's motion to dismiss annexed hereto as "Exhibit A". The extension is requested as counsel was temporarily incapacitated due to two concurrent serious unanticipated illnesses, which resulted in being unable to file the opposition within the deadline. Submitted by mail separately from this motion is the Affidavit of Counsel filed under seal and incorporated herein by reference, which we respectfully request the court to consider before ruling on this present motion.

**LEGAL STANDARD**

1. Fed. R. Civ. P. 60(b) and 6(b)

On motion and just terms, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect… or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). All

doubts should be resolved in favor of those seeking relief under Rule 60(b). Wagstaff-EL v. Carlton Press Co., 913 F.2d 56-58 (2d Cir. 1990). The denial of relief of default judgment where non-movant has a meritorious defense would constitute a serious miscarriage of justice. Cobos v. Adelphi University, 179 F.R.D. 381 (1998), citing Wagstaff-EL v. Carlton Press Co., 913 F.2d 56-58 (2d Cir. 1990).

Pursuant to Fed. R. Civ. P. 6(b)(1), "When an act may or must be done within a specified time, the court may, for good cause, extend the time…(B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

2. Excusable neglect

Excusable neglect is an equitable doctrine without a precise definition in the Federal Rules of Civil Procedure. See Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership, 507 U.S. 380, 395 (1992). The Pioneer case identifies a four-factor balancing test for determining excusable neglect under Rule 6, which includes: (1) whether the delay in filing was within the reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership, 507 U.S. 380, 395 (1992).

One of the underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. Newgen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016). The court in Newgen observed, "Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." Newgen, LLC at 616. The court noted "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits". Id. at 616. Similarly, the Rodriguez court observed that a

principle of the federal civil procedure system maintains that cases should be decided on the merits as opposed to technicalities, and there is a strong preference for resolving disputes on the merits. Rodriguez v. Village Green Realty, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) *citing* Cargill, Inc. v. Sears Petroleum & Transp. Corp., 334 F.Supp.2d 197, 247 (NDNY 2014).

## ARGUMENT

**Clopper respectfully requests relief from the Court's Order entering dismissal with prejudice as to Harvard University for excusable neglect under Fed. R. Civ. P. 60(b) and to file his opposition to Harvard University's Rule 12 motion.**

The Plaintiff first respectfully requests that the Court provide him relief from the Order dismissing Harvard University with prejudice as a result of excusable neglect on the grounds further described below and for the reasons contained in the Affidavit of Counsel.

The application of the Pioneer balancing test to the present matter suggests that affording the Plaintiff a brief extension of time until October 26, 2020 to file an opposition to Harvard University's Rule 12(b) motion to dismiss is reasonable for excusable neglect. The Court will then be able to consider Plaintiff's substantive and meritorious arguments in opposition prior to concluding that the Plaintiff's case is without merit, and that it warrants dismissal with prejudice.

The opposition deadline fell on October 13, 2020 and the Court's decision on Harvard University's then unopposed motion to dismiss entered on October 14, 2020. Plaintiff's counsel suffered unexpected and serious concurrent illnesses and was unable to timely finalize and file Plaintiff's opposition or request an extension of time to file an opposition, as further described in the accompanying Affidavit of Counsel filed under seal. This medical condition was completely outside the control of the Plaintiff. Moreover, the Plaintiff has acted expeditiously in requesting relief by requesting an extension under Fed. R. Civ. P. 6(b)(1)(B) a few days after the opposition

deadline. The short delay will have a minimal impact on judicial proceedings in this matter, which is an initial stage of litigation.

The Plaintiff will be opposing the other Defendant's, the Harvard Crimson Inc.'s, motion to dismiss, and the Court will be considering those arguments. Plaintiff's allegations and claims against the defendants The Crimson and Harvard University are interrelated, and their defenses are similar, suggesting that the arguments in both of their motions to dismiss should be considered simultaneously. The Crimson also may argue collateral estoppel as to the Plaintiff's claims as a result of the Court's dismissal with prejudice of claims against Harvard University. Denying this motion would prejudice the disposition of Plaintiff's claims as to the Harvard Crimson, Inc., which would be subsequently disposed of on a procedural technicality as opposed to on the merits.

The danger of prejudice to the non-moving party, Harvard University, is minimal since the Court will be deciding the Harvard Crimson's Rule 12(b) arguments after the October 26, 2020 opposition deadline, and Harvard University has already submitted its arguments to the Court. The Plaintiff submits its opposition to Harvard University's motion to dismiss for consideration herewith. Harvard University previously requested an extension to file a responsive pleading specifically to be on the same schedule as the Crimson, as well as for a religious holiday, which the Plaintiff assented to. The Plaintiff acted in good faith by granting that extension and seeking an extension from Harvard University to file its opposition immediately after the Court entered its ruling, but Harvard denied the request.

Additionally, the Plaintiff has and will advance meritorious arguments for the Court's consideration in opposition to the issues raised in Harvard University's motion to dismiss, and in response to the court's order of dismissal. If Harvard and the court have made compelling

arguments as to one or more counts in the Complaint, the Plaintiff will concede them, but the Plaintiff is persuaded that the Complaint contains justiciable claims.

Plaintiff will be prejudiced by dismissing his claims with prejudice before considering factual and legal arguments in opposition to Harvard's motion to dismiss, since the Plaintiff may be permanently barred from seeking relief as to all Defendants on a procedural technicality. The best interests of justice would not be served by disposing of this case with prejudice on a procedural technicality without addressing the merits of the case. The Plaintiff respectfully requests that due to circumstances beyond Plaintiff's control and that of his counsel, the Court hear the arguments for and against dismissal of the lawsuit, and decide the case on the merits.

## CONCLUSION

For the foregoing reasons and those contained in the Affidavit of Counsel, the Plaintiff maintains it has advanced reasons under the Pioneer balancing test to establish an incident of excusable neglect, and respectfully requests the Court afford the Plaintiff relief under Rule 60(b) as to its Order dismissing Plaintiff's claims with prejudice, to file its opposition to Harvard University's motion to dismiss annexed hereto as "Exhibit A", and hear and consider both motions to dismiss simultaneously.

Respectfully submitted,

/s/ Michael Vigorito                                      Dated: October 19, 2020
Michael Vigorito, Esq. (BBO#: 696328)
VIGORITO WOOLF PC
100 State Street, Floor 9
Boston, MA 02109
(617) 410-6750
mvigorito@vigoritowoolf.com

**Certificate of Service**

    I, Michael Vigorito, hereby certify that this document has been filed on October 15, 2020, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by email to William Fick, 24 Federal St., 4th Floor, Boston MA 02109 (wfick@fickmarx.com).