IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC CLOPPER<br><br>*Plaintiff,*<br><br>v.<br><br>HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION); THE HARVARD CRIMSON; and JOHN DOES 1-10,<br><br>*Defendants.* | Civil Action No. 20-cv-11363-RGS |

**PLAINTIFF'S MOTION TO EXTEND
THE TIME TO FILE A NOTICE OF APPEAL**

The deadline for Plaintiff to file his notice of appeal against Harvard University is November 13, 2020, and his appellate brief will be due on December 23, 2020, while the deadline for Plaintiff to file his notice of appeal against the Crimson is December 7, 2020, and his appellate brief will be due on January 14, 2021. Plaintiff hereby respectfully moves pursuant to Fed. R. App. P. 4(a)(5) that the Court extend the deadline for him to timely file his notice of appeal against the defendant Harvard University from November 13, 2020 to December 7, 2020. As grounds for this extension, Plaintiff states the following reasons:

1. It is in the interests of judicial efficiency that the United States Court of Appeals for the First Circuit consider one appellate brief by the Plaintiff instead of two. This is especially so as some of the claims are related. For example, the complaint alleges that The Crimson defamed

1

the Plaintiff, and that Harvard pressured the Crimson to publish the allegedly defamatory statements about Plaintiff and his play. It is better that the appeals court hear Plaintiff's related claims against the two Defendants at one time.

2. Plaintiff's lead counsel had become incapacitated with the symptoms of COVID and a compounding undisclosed illness of a personal nature. Plaintiff's lead counsel does not prosecute appeals, and thus he no longer represents Plaintiff. Attorney Andrew Delaney has also appeared for the Plaintiff pro hac vice before this District Court, but Plaintiff would need to raise funds to retain Attorney Delaney to appeal the case, and Attorney Delaney would still need to be sponsored and admitted to the United States Court of Appeals for the First Circuit. The Plaintiff will need to work on the appellate brief(s), and he may even have to prosecute the appeal pro se. Plaintiff requests an extension because he is a law student who must complete four law school final exams by December 17, 2020. He also has orthopedic surgery scheduled for December 18, 2020. Plaintiff's hope of obtaining a legal job to repay his considerable student loan debts rests on his performance in law school. Plaintiff cannot fully and fairly argue his case while completing his exams and recovering from his brief incapacitation following his surgery. Plaintiff would be greatly prejudiced without the requested brief extension.

3. Harvard will not be prejudiced by the short delay. Extending the deadline will also make it unnecessary for the lawyers to work on this case during holidays, and it would put all litigants back on the same schedule.

4. Plaintiff has been a good faith litigant by liberally granting extensions to both defendants, Harvard and The Crimson, throughout the pleadings. Defendant Harvard University previously requested an extension to file a responsive pleading specifically to be on the same schedule as the Crimson, as well as for a religious holiday, which the Plaintiff assented to.

Similarly, defendant the Crimson requested four different extensions for a total of seven weeks; Plaintiff assented to every one of the Crimson's extension requests as well.

    5. As the table below shows, Harvard had 71 days to file its memorandum in support of its motion to dismiss in response to Plaintiff's Complaint. If the Plaintiff's request for an extension is granted, he will have had 69 days from Harvard's motion to dismiss to timely file his notice of appeal. If Plaintiff's request is denied, he will have had 45 days to timely file his notice of appeal, or 26 days less than Harvard had to respond to Clopper.

| **Party** | **Days Allotted to Timely File Respective Motions** |
|---|---|
| Harvard | 71[1] |
| Clopper (if extension request is granted) | 69[2] |
| Clopper (if extension request is denied) | 45[3] |

Wherefore, Plaintiff prays that his motion to extend the deadline to timely file its notice of appeal for the dismissal of his claims against Harvard University from November 13, 2020 to December 7, 2020 be allowed.

---

[1] Time from Complaint Filed (July 20, 2020) to Harvard's Memorandum in Support of its Motion to Dismiss (September 29, 2020).

[2] Time from Harvard's Memorandum in Support of its Motion to Dismiss (September 29, 2020), through the Court's granting of Harvard's motion 15 days thereafter (October 14, 2020), to the deadline for Plaintiff to timely file his notice of appeal if the Court grant's Plaintiff's Fed. R. App. P. 4(a)(5) motion (December 7, 2020).

[3] Same as the footnote above, but if the Court denies Plaintiff's Fed. R. App. P. 4(a)(5) motion, which would make the terminal date of the analysis November 13, 2020.

                                                          Respectfully submitted,

                                                          Andrew DeLaney, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 3, 2020.

                                                          Andrew DeLaney, ESQ.