# United States Court of Appeals
## For the First Circuit

---

No. 20-2140

ERIC CLOPPER,

Plaintiff - Appellant,

v.

HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE, (Harvard Corporation); THE HARVARD CRIMSON, INC.,

Defendants - Appellees,

JOHN DOES 1-10,

Defendants.

---

Before

Kayatta, Howard and Gelpí,
Circuit Judges.

---

**JUDGMENT**

Entered: August 1, 2022

After a thorough review of the record and of the parties' submissions, we affirm the dismissal of the claims against all defendants-appellees.

A dismissal for failure to state a claim is reviewed de novo. See Guadalupe-Báez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citations omitted). "In conducting this review, we accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012).

The First Amendment claim is waived for failure to raise it in the opening brief. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Flanders-Borden, 11 F.4th 12, 18 (1st Cir. 2021). The claim under the Massachusetts Civil Rights Act ("MCRA") was properly dismissed because the Complaint failed to allege actionable economic coercion. See Nolan v. CN8, 656 F.3d 71, 77 (1st Cir. 2011) (noting that the Massachusetts Supreme Judicial Court "has held that the termination, or threatened termination, of at-will employees is not coercive in the relevant sense under the

MCRA"); Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 210, 581 N.E.2d 475 (1991).

The contract claims were properly dismissed because the facts alleged in the Complaint uncontrovertibly supported a conclusion that the appellant was an employee-at-will. See Jackson v. Action for Boston Comm. Dev., 403 Mass. 8, 9, 525 N.E.2d 411, 412 (1988). Under Massachusetts law, then, he could "be terminated for any reason or for no reason." See Meehan v. Medical Inf. Tech., Inc., 488 Mass. 730, 732, 177 N.E.3d 917, 920 (2021). We reject the contention that Harvard's written Free Speech Policy or related statements about that policy created an implied-in-fact employment contract. "An implied contract requires proof that there was a benefit to the defendant, that the plaintiff expected the defendant to pay for that benefit, and that the defendant expected, or a reasonable person should have expected, that he or she would have to pay for that benefit." Vita v. Berman, Devalerio & Pease, LLP, 81 Mass. App. Ct. 748, 754, 967 N.E.2d 1142, 1148 (2012). No such facts were alleged here.

We also conclude that the district court properly dismissed the claim that Harvard had breached its implied covenant of good faith and fair dealing. A duty of good faith and fair dealing is implied in an employment-at-will contract only where an employer has terminated an employee in bad faith in order to avoid paying that employee "identifiable, reasonably anticipate future compensation, based on his past services, that he lost because of his discharge without good cause." York v. Zurich Scudder Inv., Inc., 66 Mass. App. Ct. 610, 616, 849 N.E.2d 892, 898 (2006) (citing Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 672, 429 N.E.2d 21, 29 (1981)). The Complaint does not allege that the appellant was terminated in order to avoid paying compensation for past services. To the extent that the Complaint alleged that appellant was terminated for "asserting legally guaranteed rights, for doing what the law requires, and for refusing to do what the law forbids," this appears to be a reference to the public policy exception to the employment-at-will doctrine. See Acher v. Fujitsu Network Comm., Inc., 354 F. Supp. 2d 26, 29 (D. Mass. 2005). This exception is a narrow one, see King v. Driscoll, 418 Mass. 576, 582, 638 N.E.2d 488, 492 (1994), and the Complaint fails to allege any facts that would fall within this exception.

The promissory estoppel count also failed to state a claim. According to the Complaint, the Sanders Theatre Policy Book, which was explicitly incorporated into the written rental contract for Sanders Theatre, prohibited nudity in the Theatre; and shortly before the performance, the appellant was expressly admonished by the Program Manager of Sanders Theatre that he could not perform nude. Under these circumstances, no reasonable employee in the appellant's position could have thought that Harvard had given him permission to perform nude in Sanders Theatre or that he would suffer no employment consequences for such a performance. See Masingill v. EMC Corp., 449 Mass. 532, 541, 870 N.E.2d 81, 89 (2007). Because the Complaint failed to allege reasonable reliance, it failed to state a claim for promissory estoppel. See Suominen v. Goodman Indus. Equities Mgmt. Grp., LLC, 78 Mass. App. Ct. 723, 731, 941 N.E.2d 694, 701 (2011).

Finally, the district court correctly dismissed the remaining claims pursuant to Fed. R. Civ. P. 12(b)(6). The defamation claim failed because the statements underlying that claim either were substantially true or were subjective statements that were not "provable as false." See Milkovich v. Lorain Journal Co., 497 U.S. 1, 19 (1990); McCafferty v. Newsweek Media Grp., Ltd., 955 F.3d 352, 357 (3d Cir. 2020); Phantom Touring, Inc. v. Affiliated Publications, 953 F.2d 724, 727 (1st

Cir. 1992); see also Yong Li v. Yanling Zeng, 98 Mass. App. Ct. 743, 746, 159 N.E.3d 199, 203 (2020); Reilly v. Associated Press, 59 Mass. App. Ct. 764, 770, 797 N.E.2d 1204, 1211 (2003). For similar reasons, appellant's claim that the Harvard Crimson tortiously interfered with his employment contract fails; the Complaint did not set out any false accusations that allegedly interfered with his contract. The appellant admits that he failed to state a claim for conversion; and any argument that the district court should have allowed him to amend his Complaint to replace the claim of conversion with one of theft of copyright is waived because he did not attempt to amend his Complaint, see Henderson v. Massachusetts Bay Transp. Auth., 977 F.3d 20, 33 (1st Cir. 2020), and because the copyright claim is not at all developed here. Finally, because the Complaint failed to allege any facts that would support substantive claims for defamation or conversion, the district court properly dismissed the related conspiracy claims.

The motion of Harvard University and the President and Fellows of Harvard College for summary disposition is allowed; the appellant's motion for summary reversal is denied; and the district court's dismissal of the Complaint as to all named defendants is affirmed. See 1st Cir. R. 27.0(c) (court may affirm summarily if it clearly appears no substantial question is presented).

By the Court:

Maria R. Hamilton, Clerk

cc:
Andrew DeLaney
William W. Fick
Daniel N. Marx
Amy Barsky
Robert A. Bertsche
Michael J. Lambert